| | |
|---|---|
| NICHOLAS LEVI RIANTO<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | No. 1:12-cv-00516-DAD-SKO<br><br><br><br>ORDER TO SHOW CAUSE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Nicholas Levin Rianto ("petitioner") is a native and citizen of Indonesia who was a permanent alien resident of the United States. On April 4, 2012, petitioner filed a writ of coram nobis motion, alleging that he had received ineffective assistance of counsel in connection with his criminal prosecution in the case entitled *United States v. Nicholas Rianto*, No. 1:01-cr-05063-AWI. (Doc. No. 1.) This matter came before the court on February 9, 2018 for hearing of the United States' motion for a partial waiver of the attorney-client and work product privileges (Doc. No. 26) and a status conference. Assistant United States Attorney Henry Carbajal appeared for the respondent United States. Petitioner was served with notice of the hearing at the Clovis, CA address that he had originally provided as his address of record prior to the court directing him to update his address to that in Jakarta, Indonesia where he is actually residing. (*See* Doc. No. 28 at 2.) However, no telephonic appearance was made by petitioner at the hearing.

1

In addition, prior to the hearing the court had granted two motions from petitioner for extensions of time to file the required status report regarding the petition for coram nobis. (Doc. Nos. 25, 31.) Nonetheless, petitioner never filed a status report as required by the court's prior orders. Lastly, petitioner also failed to file any opposition to the respondent's motion for a partial waiver of the attorney-client and work product privileges.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." *Id*. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Moreover, failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id*.

Here, petitioner has failed to comply with Local Rule 230 and the court's order to file a status report by December 18, 2017. (Doc. No. 31.) The court recognizes that due to the recent change of petitioner's address of record in Indonesia, he may have had difficulty receiving service by mail. However, petitioner was able to file two requests for extensions of time to file a status report, the most recent having been received by the court on November 16, 2017. (*See* Doc. Nos. 25, 31.) Further, petitioner has already been specifically warned by the court that "any failure on his part to file a status report … will result in a dismissal of this action due to his failure to prosecute this action and failure to abide by the court's order." (Doc. No. 21 at 20–21.)
/////

Out of an abundance of caution, the court will provide petitioner one final opportunity to show cause in writing within forty-five days of the date of this order why this case should not be dismissed due to his failure to prosecute. If petitioner intends to pursue this case, he must also provide a status report indicating how he wishes to do so and any progress he has made since the filing of his second request for an extension of time to file a status report in retaining counsel. Failure to timely file the required status report writing will result in a dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated: **January 9, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE