UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LEVI RIANTO<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendants. | No. 1:12-cv-00516-DAD-SKO<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

Nicholas Levi Rianto ("petitioner") is a native and citizen of Indonesia who was a permanent alien resident of the United States. On April 4, 2012, petitioner, proceeding *pro se*, filed a writ of coram nobis, alleging that he had received ineffective assistance of counsel in connection with his criminal prosecution in the case entitled *United States v. Nicholas Rianto*, No. 1:01-cr-05063-AWI. (Doc. No. 1.)

This matter came before the court on January 9, 2018 for a hearing on the government's motion for a partial waiver of the attorney-client and work product privileges (Doc. No. 26) and a status conference. Assistant United States Attorney Henry Carbajal appeared for the respondent United States. The petitioner did not file an opposition to the government's motion, nor appear at the hearing. (Doc. No. 35.) Additionally, the petitioner did not file a status report prior to the hearing, though he had twice requested and been granted extensions of time to do so. (*See* Doc. Nos. 25, 31.) However, on the day before the hearing, the court received petitioner's third request

1

for a thirty day extension of time to file a status report. (Doc. No. 37.) Petitioner stated that he is in the process of retaining counsel but faced difficulty due to his location in Indonesia. (*Id.* at 1–2.)

On January 9, 2018, the court issued an order directing the petitioner to show cause within forty-five days of the order why this case should not be dismissed due to his failure to prosecute.[1] (Doc. No. 36.) On March 7, 2018, out of an abundance of caution, the court issued a final thirty day extension to file a status report. (Doc. No. 38.) Petitioner has not made any contact with the court since January 8, 2018, when he requested a thirty day extension of time to file a status report. (*See* Doc. No. 37.) Petitioner still has not filed a status report nor have an attorney file a notice of appearance as his counsel of record in this case. Petitioner's failure to file responses to both the government's motion for partial waiver of the attorney-client and work product privileges (Doc. No. 26) and the court's order to show cause (Doc. No. 36) makes it apparent that he does not intend to continue to prosecute this action.

**ANALYSIS**

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. *Hernandez*, 138 F.3d at 398; *Ferdik*, 963 F.2d at 1260.

Under this court's Local Rules, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or

---

[1] Petitioner was served with notice of the January 9, 2018 hearing at the address in Clovis, California that he had originally provided as his address of record in this action prior to the court ordering him to update his current address to that in Jakarta, Indonesia where he now resides. (*See* Doc. No. 28 at 2.) Petitioner's address was corrected and updated on the court's docket on January 5, 2018 (Doc. No. 34), and he was served with minutes from the January 9, 2018 hearing at the Jakarta, Indonesia address of record.

2

continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." *Id*. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Moreover, failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id*.

Here, petitioner has failed to comply with Local Rule 230 and the court's order requiring him to file a status report, even after the court granted him additional time to file a status report on several occasions. (Doc. Nos. 25, 31, 36, 38.) Petitioner has already been warned numerous times by the court that failure to file a status report will result in dismissal of this action. (*See* Doc. Nos. 21 at 20–21; 25 at 3; 36 at 3; 38 at 2.) Additionally, petitioner has not responded to the government's motion for a partial waiver of the attorney client and work product privileges. (Doc. No. 26.) The court has no basis upon which to conclude that petitioner is unable to respond, since he was able to file three requests for extensions of time to file a status report, the most recent having been received by the court on January 8, 2018. (*See* Doc. Nos. 25, 31, 37.) At this point, the court is left with no alternative but to dismiss the action due to petitioner's failure to prosecute and failure to obey court orders.

Accordingly, this action is hereby dismissed due to plaintiff's failure to prosecute this action and abide by court orders. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 18, 2018**__                     _____
                                                                    UNITED STATES DISTRICT JUDGE